IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>    vs.<br><br>GARY SUMNER, as Trustee of the Testamentary Trust of Martin Herman FBO L.H., a minor under the age of 18; JARED MICAH HERMAN and JADE HERMAN,<br><br>               Defendants. | Case No. C15-1451RSL<br><br>ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the Court on the "Motion for Summary Judgment of Gary Sumner, Trustee" (Dkt. # 48) and the oral arguments presented on July 19, 2016. The relevant facts in this matter are undisputed: shortly before Martin Herman died, his wife, Suzanne, executed a life insurance beneficiary designation change form purporting to reduce the policy proceeds that would be paid to Jade and Micah, Martin's adult children from a first marriage, in favor of their minor daughter, L.H. The dispositive issue for purposes of this motion for summary judgment is whether Suzanne had the authority to alter the beneficiary designations

ORDER DENYING TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT - 1

under the Reciprocal Durable Powers of Attorney she and Martin signed on November 24, 2014.[1]

She did not. Under Washington law, a designated agent or attorney-in-fact does not have the power to alter the principal's life insurance beneficiary declarations unless the document specifically grants that power. RCW 11.94.050. A general authorization to exercise "all the powers the principal would have if alive and competent" is not enough. Id. When construing powers of attorney, "the instrument will be held to grant only those powers which are specified, and the agent may neither go beyond nor deviate from the express provisions." Bryant v. Bryant, 125 Wn.2d 113, 118 (1994). Paragraph 4.G. of the Reciprocal Durable Powers of Attorney signed by Martin on November 24, 2014, specifically provides that the attorney-in-fact has the power "to make, change or revoke any wills, codicils, life insurance beneficiary designations, trust agreements or community property agreements of the principal in order to gain tax advantages on behalf of the principal or the principal's estate." Dkt. #49 at 16. By the terms of the document, Suzanne's power to change life insurance beneficiary designations was limited to changes made for a specific purpose – "in order to gain tax advantages." Nothing about the syntax or punctuation of paragraph 4.G. suggests that the limitation as to purpose applies to only some of the listed authorizations.

The Trustee argues that the limitation does not apply to changes in life insurance beneficiary designations because there can be no tax advantages to the principal arising from

---

[1] The Court has not relied upon or considered the evidence to which the Trustee objects in making this determination. The Court also finds it unnecessary to consider the supplemental evidence submitted by Jade and Micah on June 22, 2016. The motion for leave to supplement (Dkt. # 75) is therefore DENIED.

ORDER DENYING TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT  - 2

such a change. Because a change in beneficiary designation can never provide a tax advantage, the argument goes, the purported authorization is illusory unless the limiting language is ignored. This argument is factually and legally unsupported. The Trustee offers no analysis or expert testimony regarding the potential tax implications of a beneficiary designation. A rudimentary familiarity with probate, estate, and tax law reveals that tax implications are a common consideration when the insured is choosing between naming an individual, a trust, or the principal's estate as the beneficiary of a life insurance policy. Rather than provide any legal or factual analysis regarding these implications, the Trustee relies solely on a statement in Jade and Micah's crossclaim in which they assert that there could be no tax advantage to anyone by changing the beneficiary of a life insurance policy. Dkt. #48 at 9. Even if Jade and Micah could authoritatively expound on such matters, their statement was offered in support of their argument that the March 20, 2015, change had no impact on the tax consequences to Martin or Martin's estate and was therefore unauthorized. Read in context, the statement cannot reasonably be interpreted as an admission that changes in beneficiary designations can never have tax implications.

Just as importantly, the Trustee cannot rewrite the specific terms of the Reciprocal Durable Powers of Attorney simply because a provision turns out to be ineffective. Washington law requires powers of attorney to be strictly construed and attorneys in fact to limit themselves to the powers specifically authorized. If an authorized power is barred by statute or is otherwise an impossibility – as is the invalid authorization to change Martin's will or codicil -- it cannot be exercised. The Trustee's preferred option of ignoring specified

ORDER DENYING TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT - 3

limitations so that a power can be exercised more broadly than stated cannot be justified under Washington law.

For all of the foregoing reasons, the Court finds that Suzanne did not have the power or authority to change Martin's life insurance beneficiary designation on March 20, 2015. The Trustee's motion for summary judgment (Dkt. # 48) is DENIED, and Jade and Micah are entitled to a summary determination of this issue in their favor.

Dated this 5th day of August, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT - 4