IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>       vs.<br><br>GARY SUMNER, as Trustee of the Testamentary Trust of Martin Herman FBO L.H., a minor under the age of 18; JARED MICAH HERMAN and JADE HERMAN,<br><br>              Defendants. | Case No. C15-1451RSL<br><br>ORDER DENYING SUZANNE HERMAN'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the "Motion of Suzanne M. Herman for Partial Summary Judgment." Dkt. # 50. Suzanne seeks an order awarding her 50% of the proceeds of an insurance policy purchased by her deceased husband, Martin Herman, with community assets. The policy designates Jade and Micah, Martin's adult children from a first marriage, as the beneficiaries.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary

ORDER DENYING SUZANNE HERMAN'S
MOTION FOR SUMMARY JUDGMENT - 1

dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] and having heard the arguments of counsel, the Court finds as follows:

Under Washington law, neither spouse can give away community property "without the express or implied consent of the other." RCW 26.16.030(2). See also Francis v. Francis, 89 Wn.2d 511, 517 (1978). The parties agree that the life insurance policy and proceeds at issue in this litigation are community property and that Suzanne must have consented to giving the insurance proceeds to Jade and Micah in order for Martin's beneficiary designations to be effective. Suzanne argues that, given the nature of the asset at issue, her consent had to be express, and preferably in writing, for the gift to be effective. While it is unclear what aspect of the asset Suzanne believes necessitates express consent – possibly the size of the gift or the cumulative cost of the premiums – it is clear that the governing statute makes no distinction between categories or types of assets. The statute specifically states that a spouse's implied consent to a gift of community property is all that is needed. Nor does Washington law require that the spouse's consent be in writing. Dkt. # 64 at 2. The "written consent" language on which Suzanne relies comes from a discussion of California law in Francis, 89 Wn.2d at 515 (quoting Pac Mut. Life Ins. Co. v. Cleverdon, 108 P.2d 405, 407 (Cal. 1940)). A "written consent" requirement would be inconsistent with the governing statute. RCW 26.16.030(2).

---

[1] The Court has not relied upon or considered the evidence or argument to which Suzanne objects in ruling on this motion. The Court also finds it unnecessary to consider the supplemental evidence submitted by Jade and Micah on June 22, 2016. The motion for leave to supplement (Dkt. # 75) is therefore DENIED.

ORDER DENYING SUZANNE HERMAN'S
MOTION FOR SUMMARY JUDGMENT - 3

The evidence in the record shows that Suzanne consented to both the purchase of a life insurance policy with community assets and the payment of all proceeds from that policy to Jade and Micah. Her declaration makes clear that she took part in the purchase and was fully informed of the designated beneficiaries. Dkt. #51 at 2. Although only Martin signed the application, the purchase of the policy for Jade and Micah's benefit was with her knowledge and consent.

If there were any doubt about the fact of consent (and there is not), it would be overcome through an applicable statutory presumption. Where, as here, the property to be gifted consists of the proceeds of a life insurance policy, consent to the gift is presumed where the insured designates a "child, parent, brother, or sister of either of the spouses" as the beneficiary. RCW 48.18.440(2). "The manifest legislative purpose in adopting [RCW 48.18.440(2)] was to facilitate the prompt payment of the proceeds of insurance policies to the named beneficiaries" (Miller v. Paul Revere Life Ins. Co., 81 Wn.2d 302, 306 (1972)) and to prevent "delayed claims that a spouse did not consent to the designation" (Francis, 89 Wn.2d at 517-18). The Washington Supreme Court deemed this legislative presumption entirely rational based on the relationship of trust and confidence presumed to exist between married couples and which would likely involve mutual decisionmaking and disclosures as the couple makes provision for elderly, incompetent, or dependent family members. Miller, 81 Wn.2d at 307, 309-10.

ORDER DENYING SUZANNE HERMAN'S
MOTION FOR SUMMARY JUDGMENT - 4

The policy at issue in this case was purchased by Martin for the provision of his children: the presumption of consent therefore applies. The presumption is one of fact, however, and may be rebutted. Nat'l Bank of Commerce of Seattle v. Lutheran Bhd., 40 Wn.2d 790, 794 (1952). As discussed above, all of the relevant evidence shows that Suzanne was fully aware of the policy, approved its purchase, and knew that Martin had designated Jade and Micah as the beneficiaries. Suzanne has not come forward with any evidence from which a reasonable jury could find that the presumption of consent has been rebutted. See Bradley v. S.L. Savidge, Inc., 13 Wn.2d 28, 63-64 (1942). Suzanne does not state that she was unaware of the policy, that she was unaware that Martin had designated Jade and Micah as beneficiaries, that she did not approve of the designations, or that she did not consent to Martin's gift of the proceeds to his children. To the contrary, her declaration makes clear that she and Martin agreed to purchase this policy for Jade and Micah's provision. [2]

Suzanne's primary argument is that she only recently became aware that spouses have an interest in the proceeds of life insurance policies and therefore (a) could not have knowingly consented to waive that interest and (b) never consented to a conversion of a community asset into Martin's separate property. This argument is unpersuasive. First, there is no requirement that a spouse know of or specifically waive her "spousal interest" in a community asset. The issue under RCW 26.16.030(2) is whether Suzanne expressly or impliedly consented to the gift of community property, in this case, to giving the proceeds of

---

[2] Because Suzanne has not provided any evidence in support of her contention that she did not consent to naming Jade and Micah as the beneficiaries of the life insurance policy, the Court need not determine whether such evidence must be "uncontradicted, unimpeached, clear and convincing." Bradley, 13 Wn.2d at 63.

ORDER DENYING SUZANNE HERMAN'S
MOTION FOR SUMMARY JUDGMENT - 5

a life insurance policy that was purchased with community assets to Martin's children. No reasonable jury could find, based on the actual and presumed facts, that she did not consent to such a gift. Second, there was no conversion of a community asset into Martin's separate property. All parties agree that the insurance proceeds were purchased with and remain a community asset.[3] Because both spouses consented to give that asset to Jade and Micah, the transfer of the community asset was effective.

For all of the foregoing reasons, the Court finds that, as a matter of law, Suzanne consented to the gift of the life insurance policy proceeds to Martin's children. Her motion for summary judgment (Dkt. # 50) is therefore DENIED and Jade and Micah are entitled to a summary determination of this issue in their favor.

Dated this 5th day of August, 2016.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[3] Estate of Langeland v. Drown, __ P.3d __ (Wn. App. July 18, 2016), on which Suzanne relied at oral argument, is distinguishable on this ground. The heir in that case argued that her father, Langeland, and his partner, Drown, held separate interests in the house they had purchased together. Her father had put up $148,000 of the $158,000 purchase price, with Drown paying the other $10,000 and signing a $40,000 promissory note in favor of Langeland. The appellate court found that there was "no evidence that Drown and Langeland intended to convert their jointly owned earnings into separate interests in the house." Id. at *4. The presumption that property acquired during a committed relationship is a community asset won out over the heir's unsupported interpretation of the house agreement. In this case, neither party is attempting to rebut the community property presumption. The policy and its proceeds are acknowledged as community property.

ORDER DENYING SUZANNE HERMAN'S
MOTION FOR SUMMARY JUDGMENT - 6